MOSES M. LIBBY *vs.* GEORGE W. TOWLE.

Oxford. Opinion May 8, 1897.

*Slander. Damage.*

An excessive verdict in a slander suit set aside and a new trial granted, it appearing that the conduct of the plaintiff had contributed in part to the injury of his business, and for which he claimed special damages.

*Held;* that verdicts are subject to revision of the court; and it is as much the duty of the court to protect parties against unconscionable verdicts as it is to sustain just ones.

ON MOTION BY DEFENDANT.

This was an action on the case for slander, in which there were ten distinct and separate utterances declared on and set out in the plaintiff's declaration, as follows, viz: (1) "That he took the note and that Libby had destroyed the note." (2) "That Libby signed the note but took it." (3) "That Libby knows where that note is." (4) "You took that note and have got it, or know where it is, or have destroyed it." (5) "Moses, there is a hard report around town about you. They say you took that note and have got it, or know where it is, or have destroyed it." (6) "I think Moses stole, or took, or knows where it is." (7) "Libby took; I know it." (8) "Dod darn it all, I can't produce the note, you stole the note and know where it is or destroyed it." (9) "He knew Mose Libby stole that note, dod darn him." (10) "That said plaintiff knew where the note was or had made way with it."

The jury rendered a verdict for $3000 in favor of the plaintiff.

The case appears in the opinion.

*J. P. Swasey,* for plaintiff.

In actions of slander, evidence of words of similar import to those charged in the declaration spoken by the defendant, both before and after the commencement of the action, is admissible to show malice. *Smith* v. *Wyman,* 16 Maine, 13.

From words, in themselves actionable, the law implies malice and that some damages arise therefrom. In addition to the implication of malice, a plaintiff may prove express malice for the purpose of increasing the amount of damages. For this purpose he may prove that the defendant repeated the slander after action was brought. The repetition is not to be viewed as a substantive ground of recovery, but only to illustrate the motive of the former speaking. *True* v. *Plumley*, 36 Maine, 466.

A repetition of slander is admissible to show malice. *Hastings* v. *Stetson*, 130 Mass. 293.

The plaintiff is not only entitled to damages, but exemplary damages are allowable in an action of slander. *Harmon* v. *Harmon*, 61 Maine, 233.

When the slanderous words charged were spoken wantonly and maliciously, the plaintiff is entitled to recover punitive or exemplary damages, and the assessment thereof is almost entirely in the discretion of the jury. *Cahill* v. *Murphy*, 94 Cal. 29.

Exemplary damages may be recovered in an action for slander when defamatory words are spoken with implied malice, as well as when they are spoken with express malice, and malice is implied from the wilful utterances of falsehoods concerning another, whereby injury is done to his character; and whether such damages should be given in any case is a matter within the discretion of the jury. *Callahan* v. *Ingram*, 122 Mo. 355.

In actions for slander, libel and other personal torts, the court will not grant a new trial on the ground of excessive damages unless the amount be so flagrantly extravagant as to show that the jury must have been actuated by passion, partiality, prejudice or corruption. *Coleman* v. *Southwick*, 9 Johns. 45, and cases cited; *Rand* v. *Reddington*, 13 N. H. 72.

In cases of tort; the court will not set aside a verdict on the ground of excessive damages, unless, from their magnitude, compared with the circumstances of the case, it be manifest that the jury acted intemperately or were influenced by passion, partiality, prejudice or corruption. *Tompson* v. *Mussey*, 3 Maine, 305; *Williams* v. *Gilman*, 3 Maine, 276; *Jacobs* v. *Bangor*, 16 Maine, 187;

*Gilbert* v. *Woodbury*, 22 Maine, 246; *Kimball* v. *Bath*, 38 Maine, 219.

When a verdict is not so clearly excessive as to create a belief that the jury was influenced by improper motives, or fell into some mistake in making their computation, the court has no right to set the verdict aside. *Field* v. *Plaisted*, 75 Maine, 476, and cases cited.

In actions of slander, we regard the law as well settled that the defendant's wealth is an element which goes to make up his rank and influence in society and therefore his power to injure the plaintiff by his speech, and it is a fact not to be overlooked by the jury in estimating damages. *Humphries* v. *Parker*, 52 Maine, 502.

*Geo. F. Clifford and E. F. Gentleman*, for defendant.

All of these utterances complained of, with the exception of the sixth, eighth and ninth set of words, are not actionable in themselves. There is no distinct averment, in the pleadings, that these words in themselves bear a specific meaning which is in itself actionable. *Nye* v. *Otis*, 8 Mass. 122; *Snell* v. *Snow*, 13 Met. 278; *Edgerley* v. *Swain*, 32 N. H. 478; *Brown* v. *Brown*, 14 Maine, 317; *Bullock* v. *Koon*, 9 Cow. (N. Y.) 30.

They are only actionable by reason of special damages laid in the declaration.

Where words not actionable per se, but actionable because of special damages alleged, such damages must be explicitly claimed on the pleadings, and strictly proved at the trial. Special damages will not be supplied nor inferred argumentatively. *Barnes* v. *Trundy*, 31 Maine, 321; *Cook* v. *Cook*, 100 Mass. 194; *Bloss* v. *Tobey*, 2 Pick. 326; *Snell* v. *Snow*, 13 Met. 278; *Swan* v. *Tappan*, 5 Cush. 104.

The testimony of persons to whom the words were spoken is alone admissible to prove such special damages. *Dicken* v. *Shepherd*, 22 Md. 399.

Special damages alleged in the declaration of plaintiff's writ are severed from any relationship to defendant's word or act. Plaintiff was scarcely susceptible of damage in his business standing or

credit. His business was small; credit limited to the sum of $250 with the house of Milliken, Tomlison Company, who were his principal creditors; he had twice compromised with his creditors; his stock of goods was decreasing; he was not meeting his payments to his wholesalers; in short, his business condition and standing invited and provoked his final disaster, to which, as the case shows, this defendant in no wise contributed.

SITTING: PETERS, C. J., WALTON, EMERY, HASKELL, WHITEHOUSE, STROUT, JJ.

WALTON, J. This is an action of slander and the plaintiff has obtained a verdict for $3000. It is the opinion of the court that this amount is clearly excessive.

Briefly stated, the case is this:—The plaintiff and his wife, after living together about nine years, concluded to separate. The title to their property, real and personal, was held by the wife. But she agreed that if her husband would pay her $650 for the furniture, she would give him a deed of the real estate. She did so, and took from him what she supposed was a note for that sum, payable in one year, and a mortgage of the furniture to secure it. She left these papers with the defendant, who was her uncle, for safe keeping. Her uncle soon afterwards discovered that the note was not signed, and he called the attention of the plaintiff to that fact. The latter said it was an oversight, and offered to sign the note then; and the papers were handed to him to enable him to do so. The defendant left the plaintiff for a few minutes to attend to some other business, and he says that when he returned he put the envelope, which he supposed contained the note and the mortgage, into a pigeon-hole in a desk in his store. But afterwards, when the year had expired, and the plaintiff and his wife came to him and called for the papers, the note was missing; and that, after a most diligent search, he could not find it. And so far as appears it never has been found. Vexed at the loss of a paper which had been left with him for safe keeping, and provoked by what seemed to him to be the obstinate and unreasonable refusal

of the plaintiff to accept a receipt on an indemnifying bond, or in any way to settle with his wife without the production of the note, the defendant finally expressed his opinion or belief that the plaintiff knew what had become of the note. And one witness (Nancy Towle) testifies that on one occasion, when she was at the defendant's house, she asked him about the note, and he said the plaintiff stole it.

This charge is the basis of the present suit; and, as already stated, the plaintiff has obtained a verdict for $3000.

The plaintiff says that he was much hurt and prejudiced in his good name and credit as a merchant. His credit does appear to have been somewhat impaired. But he had recently, and while the title to his property, real and personal, was held by his wife, obtained a discharge from his debts by proceedings in the court of insolvency; and he states, and, if we understand him correctly, somewhat boastfully, that while he paid some of his creditors in full, he left others to wait till he was more able to pay. Such a proceeding may be very gratifying to one's desire to reward friends and punish enemies; but we think all will agree that its tendency is to leave one's credit as a merchant somewhat impaired. And we think the evidence shows very clearly that it was this treatment of his creditors, and not what the defendant said, which weakened and ultimately wrecked the plaintiff's credit as a merchant.

It is undoubtedly true, as said by the able and learned counsel for the plaintiff, that much must be left to the sound judgment and discretion of the jury in this class of cases, and that they are allowed, in proper cases, to add punitive damages to the actual damages. But it is also true that their verdicts are always subject to the revision of the court, and that it is as much the duty of the court to protect parties against unconscionable verdicts as it is to sustain just ones. And the court feels that in this case the verdict is monstrously disproportionate, and. that it is clearly their duty to set it aside and grant a new trial.

*Motion sustained.*